Dugle v. The State.

No. 11,953.

|100  250
|134  40

## DUGLE v. THE STATE.

CRIMINAL LAW.—*Arson.*—*Affidavit.*—*Description of Property Burned.*—Where an affidavit, charging arson, describes the property destroyed as " a certain frame building, commonly called a stable," it sufficiently indicates the purpose for which such building is, or is intended to be, used.

SAME.—*Juror, Competency of.*—*Opinion as to Guilt or Innocence of Accused.*— *Statute Construed.*—Under the second clause of section 1793, R. S. 1881, when a person, called as a juror in a criminal trial, has either formed or expressed an opinion as to the guilt or innocence of the defendant upon reading newspaper statements, communications, comments or reports, or upon rumors or hearsay merely, he may nevertheless, in the discretion of the court, be admitted to serve, provided the court is satisfied that he is able, notwithstanding such opinion, to render an impartial verdict in the cause; but where such opinion is based upon conversations with witnesses to the alleged offence, or reading reports of the testimony of such witnesses or hearing them testify, such person is absolutely incompetent to serve as a juror in such cause, if objection is made at the proper time.

From the Ohio Circuit Court.

*J. S. Jelley*, for appellant.

*F. T. Hord*, Attorney General, *G. E. Downey*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information against Samuel Dugle, the appellant, for the crime of arson. R. S. 1881, section 1927.

So much of the affidavit as our attention has been specially called to is as follows:

" George Mapes swears that Samuel Dugle, * * * on or about the 29th day of May, A. D. 1884, did then and there, at and in said county of Ohio, and State of Indiana, unlawfully, feloniously, wilfully, purposely and maliciously set fire to, burn down and destroy, a certain frame building, commonly called a stable, the property of, and belonging then and there to, George Mapes, and then and there situate, and of the value then and there of one hundred dollars," etc.

It was, and still is, claimed that the affidavit was insuffi-

cient for its failure to aver the purpose for which the building burned was used, or intended to be used. Such an averment, however, in a charge of arson, is only required when necessary to indicate the character of the building burned, or other property similarly destroyed, and hence in this case would have been superfluous. Webster states the primary meaning of the word "stable" to be "a house, shed or building for beasts to lodge and feed in." Therefore, to call a building a *stable* sufficiently indicates the purpose for which it is, or is intended to be, used.

A trial resulted in a verdict of guilty as charged, in assessing a fine of $50 against the appellant, and in sentencing him to the State's prison for the period of eight years.

When one Stopher, who served as a juror in the cause, was examined on his oath touching his qualifications as a juror, he answered, substantially : "I have both formed and expressed my opinion in the cause. I was present and heard a part of the trial of the defendant before the justice on the preliminary examination of this charge. I heard some of the witnesses testify at that trial and the argument of counsel, and it was from the sworn statements of witnesses on that trial that I made up my opinion, which has been both formed and expressed, as above stated. It would not, however, require additional evidence to remove the opinion I have formed under the circumstances as I have stated them, and I feel able, notwithstanding such opinion, to render an impartial verdict in the cause upon the law and the evidence."

The appellant thereupon challenged Stopher for cause, but the circuit court held him to be a competent juror, and hence overruled the challenge.

The second clause of section 1793, R. S. 1881, declaring what shall be good causes for challenge to a person called to serve as a juror in a criminal trial, reads thus:

"That he has formed or expressed an opinion as to the guilt or innocence of the defendant. But if a person called as a juror state that he has formed or expressed an opinion as to

the guilt or innocence of the defendant, the court or the parties shall thereupon proceed to examine such juror on oath as to the ground of such opinion; and if it appear to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumors or hearsay, and not upon conversations with witnesses of the transaction, or reading reports of their testimony, or hearing them testify; and the juror state on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case."

Under this provision of the statute, as well as some preceding statutory provisions, we have held that the competency of a juror, who had either formed or expressed an opinion upon the guilt or innocence of a defendant in a class of cases somewhat analogous to this, rested very much in the discretion of the *nisi prius* court, and within certain limits entirely in its discretion. *Hart* v. *State*, 57 Ind. 103; *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99); *Stout* v. *State*, 90 Ind. 1; *Butler* v. *State*, 97 Ind. 378.

But we have never gone to the extent of holding that it is within the discretion of a *nisi prius* court to admit a person, over proper objection, to serve as a juror in a criminal cause, when he has either formed or expressed such an opinion from having heard witnesses testify in a preceding trial of the same cause, or from having read reports of the testimony of, or having had conversations with, witnesses to the transaction.

Our construction of the provision of the statute herein above set out is, that when a person, called as a juror in a criminal trial, has either formed or expressed an opinion as to the guilt or innocence of the defendant upon reading newspaper statements, communications, comments or reports, or upon rumors or hearsay merely, he may, nevertheless, in the discretion of the court, be admitted to serve as such juror, provided the court is satisfied that he is able, notwithstand-

ing such opinion, to render an impartial verdict in the cause. But that where such opinion is based upon conversations with witnesses to the transaction constituting the alleged offence, or reading reports of the testimony of such witnesses, or hearing them testify, the person having so formed or expressed his opinion as to the guilt or innocence of the defendant is absolutely incompetent to serve as a juror in the cause, when a question is made, at the proper time, as to his competency in that respect. This construction is supported by *Brown* v. *State*, 70 Ind. 576, and results inevitably, as it seems to us, from the very terms and phraseology of the statutory provision in question.

It follows that the circuit court erred in admitting Stopher as a competent juror in the cause.

The judgment is reversed, and the cause remanded for a new trial.

The clerk will give the usual notice for the return of the prisoner to the custody of the sheriff of Ohio county.

Filed Feb. 10, 1885.